UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BECKY SUE H.,[1]

                                Plaintiff,                3:20-cv-835 (BKS/ML)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,[2]

                                Defendant.
_____

**Appearances:**

*For Plaintiff:*
Scot G. Miller
Coughlin & Gerhart, LLP
P.O. Box 2039
Binghamton, NY 13902

*For Defendant:*
Carla B. Freedman, United States Attorney
Molly E. Carter, Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
J.F.K. Federal Building, Room 625
Boston, MA 02203

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.      INTRODUCTION

      Plaintiff Becky Sue H. filed this action under 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

application for Social Security Disability Insurance ("SSDI") benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Miroslav Lovric for a Report and Recommendation. (Dkt. No. 7); N.D.N.Y. L.R. 72.3(d). On December 15, 2021, after reviewing the parties' briefs, (Dkt. Nos. 14, 16), and the Administrative Record,[3] (Dkt. No. 10), Magistrate Judge Lovric issued a Report and Recommendation recommending that the Commissioner's decision be affirmed and Plaintiff's complaint be dismissed. (Dkt. No. 17). Plaintiff has filed objections to the Report and Recommendation, (Dkt. No. 18), and Defendant responded, (Dkt. No. 19). For the reasons set forth below, the Court adopts the recommendation in the Report and Recommendation.

## II.   STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 10), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (internal quotation marks omitted).

## III. ANALYSIS

The parties have not raised any objections to the facts or the legal framework set forth in the Report and Recommendation. (*See* Dkt. No. 17, at 2–15). The Court therefore adopts Judge Lovric's summary of the factual background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.[4] Plaintiff raises specific objections to three portions of the Report and Recommendation. (*See generally* Dkt. No. 18). The Court considers each in turn.

### A. Opinion of Dr. Mehrhof

Plaintiff first objects to the Report and Recommendation's finding that Administrative Law Judge ("ALJ") Hope G. Grunberg properly afforded little weight to the opinion of Plaintiff's treating psychiatrist, Edward G. Mehrhof, MD. (Dkt. No. 18, at 1–4; *see* Dkt. No. 17, at 15–18). Dr. Mehrhof opined that Plaintiff is "clearly disabled" and "unable to work at all." (R. 1092, 1215–17).[5] Judge Lovric determined that there is substantial evidence in the record to support the ALJ's assignment of "little weight" to Dr. Mehrhof's opinion on the grounds that (1)

---

[4] Plaintiff's statement that she "objects to each and every part of the Report and Recommendation, and incorporates by reference the Plaintiff's Brief as if fully set forth herein," (Dkt. No. 18, at 1), is not a specific objection that would subject the entire Report and Recommendation to *de novo* review. *See, e.g., Capra v. LeClair*, No. 06-cv-1230, 2010 WL 3323727, at *2, 2010 U.S. Dist. LEXIS 85970, at *6 (N.D.N.Y. Aug. 20, 2010) (finding the petitioner had "failed to make specific objections"); *see also* N.D.N.Y. L.R. 72.1(c) (noting that objections must "specifically identify the portions of the proposed findings, recommendations, or report to which [the party] has an objection and the basis for the objection").

[5] The Court notes that opinions that a claimant is "disabled" or "unable to work" are not medical opinions, but rather opinions "on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(d).

3

it is inconsistent with Plaintiff's "routine and conservative treatment history," the lack of evidence of "any significant symptom exacerbations involving inpatient treatment or psychiatric hospitalization," and other opinion evidence in the record, and (2) the opinion is based on Plaintiff's subjective reports, rather than Dr. Mehrhof's "own observations or objective abnormalities." (Dkt. No. 17, at 17–18).

Plaintiff first argues that an ALJ cannot discount a treating physician's opinion "because the physician has recommended a conservative treatment regimen." (Dkt. No. 18, at 2 (citing *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008))). Plaintiff objects to the "implication made by the ALJ" that "some form of irregular and radical treatment is required for a claimant to be 'sufficiently' mentally ill." (*Id.*). Finally, Plaintiff argues that "none of the cases cited" by Judge Lovric "stand for the proposition that conservative treatment of a mental health condition is a permissible reason to discount the opinion of a treating psychiatrist." (*Id.* at 2 n.1). Defendant responds that (1) Plaintiff's challenge is a "repackaging" of the argument advanced in her brief, (2) an ALJ may properly give less than controlling weight to a treating provider's opinion when, among other factors, the claimant follows a conservative course of treatment, (3) neither the ALJ nor Judge Lovric suggested that a claimant must receive extreme treatments for a treating psychiatrist's opinion to be credited, and (4) the ALJ properly found that Dr. Mehrhof's opinion was inconsistent with and unsupported by the record evidence. (Dkt. No. 19, at 2–5).

Reviewing Plaintiff's objection *de novo*, the Court finds that substantial evidence exists in the record to support the ALJ's determination that Dr. Mehrhof's opinion should be afforded "little weight." The "treating physician rule" requires that the "opinion of a claimant's treating physician as to the nature and severity of [an] impairment [be] given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and

is not inconsistent with the other substantial evidence in [the] case record.'" *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (quoting *Burgess*, 537 F.3d at 128).[6] A treating provider's opinion may not be discounted "*merely* because [the provider] has recommended a conservative treatment regimen." *Burgess*, 537 F.3d at 129 (emphasis added). However, as the cases Judge Lovric cited illustrate, the fact that a claimant underwent conservative treatment is one factor an ALJ may consider in determining whether a treating provider's opinion is well-supported and consistent with other substantial evidence in the record. *See Abarzua v. Berryhill*, 754 F. App'x 70, 71 (2d Cir. 2019) (finding the ALJ did not err in finding that a treating physician's opinion was "contradicted by substantial medical evidence," which included, inter alia, the claimant's "conservative treatment"); *Tricarico v. Colvin*, 681 F. App'x 98, 100–01 (2d Cir. 2017) (finding the ALJ's decision to afford limited weight to treating physician's opinion was supported by substantial evidence where, inter alia, it was inconsistent with the claimant's "relatively conservative treatment plan"); *Cutillo v. Berryhill*, No. 17-cv-609, 2018 WL 3752871, at *3, 2018 U.S. Dist. LEXIS 133398, at *7 (N.D.N.Y. Aug. 8, 2018) ("[T]he ALJ can factor conservative treatment as additional evidence."); *see also Campbell v. Comm'r of Soc. Sec.*, No. 19-cv-4516, 2020 WL 4581776, at *22, 2020 U.S. Dist. LEXIS 142734, at *66–67 (S.D.N.Y. Aug. 10, 2020) ("While the absence of any psychiatric hospitalization does not, without more, prove conservative treatment, the ALJ may nonetheless take into account a lack of hospitalization as one piece of evidence to establish conservative care." (citation omitted)).[7]

---

[6] The Social Security Administration has revised how it considers and articulates medical opinions. *See* 20 C.F.R. § 404.1520c. However, because Plaintiff's claim was filed before March 27, 2017, the treating physician rule applies. *See id.* Plaintiff does not raise any specific objection regarding any failure on the ALJ's part to follow the precise procedural requirements of the treating physician rule.

[7] Plaintiff seems to argue that the cases cited by Judge Lovric are distinguishable because they do not involve psychiatrists specifically and therefore posits that it "might . . . be argued that 'talk therapy' with a counselor should be considered to be conservative treatment but that psychiatric therapy and medication management by a psychiatrist

5

Neither the ALJ nor Judge Lovric implied that "a claimant must be institutionalized or receive extreme treatments such as electroconvulsive therapy to credit the opinion of a treating psychiatrist." (*Contra* Dkt. No. 18, at 2). Rather, the inconsistency between Dr. Mehrhof's opinion and Plaintiff's relatively conservative course of treatment was one of several factors relied on by the ALJ in affording Dr. Mehrhof's opinion little weight. (*See* R. 22).

The Court rejects Plaintiff's argument that Dr. Mehrhof's opinion that she is disabled is consistent with the record evidence because it is supported by Dr. Slowik's assessment of a moderate to marked limitation in Plaintiff's ability to sustain an ordinary routine and regulate her emotions. (Dkt. No. 18, at 3). As discussed below, an opinion that Plaintiff's is moderately to markedly limited in these two areas does not necessarily compel the conclusion that she is unable to work. *Infra* Section III.C. In addition, even assuming this aspect of Dr. Slowik's opinion is not necessarily inconsistent with Dr. Mehrhof's opinion of disability, the remainder of Dr. Slowik's assessment suggests that Plaintiff was only moderately limited by her mental impairment. Moreover, there is substantial evidence in the record that Dr. Mehrhof's opinion was inconsistent with the "weight of the record evidence," including, as the ALJ noted, Plaintiff's other mental status examination findings, which indicated that Plaintiff was "not severely mentally functionally limited." (R. 22 (citing, inter alia, R. 278 (finding "[a]ssociative thinking," "memory," "[a]ttention span and concentration," and "[j]udgment and insight" intact))).

In sum, the Court finds that substantial evidence supports the ALJ's decision to afford Dr. Mehrhof's opinion little weight.[8]

---

is more than merely 'conservative treatment.'" (Dkt. No. 18, at 2 n.1). Plaintiff provides no legal authority for this proposition.

[8] Because the ALJ did not expressly rely on the fact that Dr. Mehrhof's opinion was based on Plaintiff's subjective reports in affording the opinion little weight, (*see* R. 22), the Court does not address Plaintiff's argument that the extent to which Dr. Mehrhof's opinion relies on subjective reports is not a proper reason to discount that opinion, (*see* Dkt. No. 18, at 3–4).

### B.      Opinion of Ms. Kiely

Plaintiff next objects to the Report and Recommendation's finding that any error in the ALJ's decision to afford the opinion of licensed clinical social worker Maureen Kiely "great weight" was harmless. (Dkt. No. 18, at 4; *see* Dkt. No. 17, at 18–21).[9] Ms. Kiely, who saw Plaintiff between November 24, 2015 and December 1, 2016, opined that Plaintiff had no limitation in understanding, memory, or adaption, but was "limited" in sustained concentration and persistence, as well as social interaction. (R. 311–13). The Report and Recommendation found that substantial evidence supports the ALJ's assignment of "great weight" to Ms. Kiely's opinion, because, although recognizing that the limitations Ms. Kiely identified were "ambiguous," the ALJ found the limitations generally consistent with the record evidence and accommodated by Plaintiff's residual functional capacity ("RFC").[10] (Dkt. No. 17, at 18–20; *see* R. 22). Judge Lovric further found that "even if the ALJ's assignment of 'great weight'" to Ms. Kiely's opinion was in error, Plaintiff had "failed to show how the rejection of this opinion would lead to a more restrictive RFC or different outcome on remand." (Dkt. No. 17, at 20–21).

Plaintiff argues that the "mere fact that Ms. Kiely's opinion was improperly given great weight in conjunction with the little weight improperly given to [Dr. Mehrhof's] opinion necessarily makes the error harmful." (Dkt. No. 18, at 4). Defendant responds that Plaintiff provides no authority to support her position and that her conclusory objection should be rejected. (Dkt. No. 19, at 6–7).

---

[9] The Court does not address Plaintiff's conclusory and unsupported assertion that assigning a "non-medical opinion greater weight than that of the Plaintiff's treating psychologist is clear error." (Dkt. No. 18, at 4); *see Jones v. Astrue*, No. 09-cv-1232, 2012 WL 1605566, at *5, 2012 U.S. Dist. LEXIS 64476, at *13 (N.D.N.Y. Apr. 17, 2012) ("[T]he Second Circuit has held that the ALJ has discretion to determine the appropriate weight to accord the [other source's] opinion based on all the evidence before him." (citation and internal quotation marks omitted)), *report-recommendation adopted by* 2012 WL 1605593, 2012 U.S. Dist. LEXIS 64480 (N.D.N.Y. May 8, 2012).

[10] The regulations define residual functional capacity as "the most [a claimant] can still do despite" her limitations. 20 C.F.R. § 404.1545(a)(1).

7

The Court agrees with Defendant. Plaintiff points to no evidence in the record which suggests that giving less weight to or rejecting Ms. Kiely's opinion would lead to a more restrictive RFC or a different outcome on remand. As the ALJ noted, the limitations Ms. Kiely noted were "generally accommodated" by Plaintiff's RFC. (R. 22). Further, as discussed above, the Court finds that substantial evidence supports the ALJ's decision to afford Dr. Mehrhof's opinion little weight and therefore rejects Plaintiff's argument that the ALJ's improper evaluation of *both* Dr. Mehrhof's and Ms. Kiely's opinions, taken together, amounts to harmful error. Accordingly, the Court agrees that any error in the ALJ's decision to afford Ms. Kiely's opinion great weight was harmless, and remand is unwarranted on that basis. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (noting that remand is "unnecessary" where "application of the correct legal standard could lead to only one conclusion"); *cf. Danielle S. v. Comm'r of Soc. Sec.*, 516 F. Supp. 3d 286, 292 (W.D.N.Y. 2021) (finding that any error in discounting of medical opinion was harmless where crediting the opinion "would not have changed the conclusion that Plaintiff was not disabled").

      C.      **Incorporation of Dr. Slowik's Opinion into Plaintiff's RFC**

Finally, Plaintiff objects to the Report and Recommendation's rejection of her argument that the RFC formulated by the ALJ fails to account for the limitations found in the opinion of psychological consultative examiner Amanda Slowik, Psy.D. (Dkt. No. 18, at 5–6; *see* Dkt. No. 17, at 21–23). As relevant here, Dr. Slowik, whose opinion the ALJ gave great weight, opined that Plaintiff is "moderately to markedly limited" in her ability to "sustain an ordinary routine and regulate emotions." (R. 22, 486). In finding that substantial evidence supports the ALJ's RFC determination, Judge Lovric first noted that a claimant's RFC need not perfectly correspond with any of the medical opinions in the record. (Dkt. No. 17, at 21 (citing *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013))). Judge Lovric further found that "it is not apparent that the RFC

8

fails to account" for the limitations opined by Dr. Slowik and that any such error is harmless. (*Id.* at 21–23). The Court agrees.

Plaintiff argues that it "simply cannot be" that the ALJ could both afford Dr. Slowik's opinion great weight and find that Plaintiff was capable of sustaining a routine work schedule and interacting with others on an occasional basis. (Dkt. No. 18, at 5). However, an ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole," and her conclusion need not "perfectly correspond with any of the opinions of medical sources." *Matta*, 508 F. App'x at 56. Plaintiff is therefore incorrect to the extent she suggests that the ALJ's assignment of great weight to Dr. Slowik's opinion means the ALJ was required to adopt each and every limitation exactly as opined.

The Court finds that Dr. Slowik's opinion of a "moderate to marked" limitation in Plaintiff's ability to sustain an ordinary routine and regulate emotions does not require adoption of a more restrictive RFC or a finding of disability. Ms. Kiely, whose opinion the ALJ also assigned "great weight," found a milder limitation on Plaintiff's ability to "sustain [an] ordinary routine without supervision": Ms. Kiely found that Plaintiff's ability in this area was "limited" and that she "may have periods when this is difficult to sustain." (R. 312). The regulations explain that a marked limitation in the ability to sustain an ordinary routine means that an individual's ability to sustain an ordinary routine "independently, appropriately, effectively, and on a sustained basis is *seriously limited*." 20 CFR Pt. 404, Subpt. P, App. 1 (emphasis added). The limitations in the RFC seem to account for a moderate, rather than marked, limitation in the ability to sustain an ordinary routine: the RFC limited Plaintiff to "simple tasks," "judgments on simple work," and a "routine work setting that is repetitive from day to day," with "easily explained," "no more than occasional" changes and only "occasional" interactions with the

"public, co-workers and supervisors." (R.16); *see Landers v. Colvin*, No. 14-cv-1090, 2016 WL 1211283, at *4, 2016 U.S. Dist. LEXIS 41117, at *11–12 (W.D.N.Y. Mar. 29, 2016) ("The determination that Plaintiff is limited to 'simple, repetitive, and routine tasks' accounts for Plaintiff's [moderate] limitations as to maintaining attention and concentration, performing activities within a schedule, and maintaining regular attendance."). This limitation is supported by both Ms. Kiely and, to a more limited degree, Dr. Slowik's opinion. As this limitation need not "perfectly correspond with any of the opinions of medical sources," *Matta*, 508 F. App'x at 56, the Court finds no error and that the limitation is supported by substantial evidence.

Similarly, although Ms. Kiely did not expressly opine on Plaintiff's ability to regulate emotions, Ms. Kiely opined that Plaintiff was "limited" in her ability to "work with others," "interact with the public," and "get along appropriately with co-workers." (R. 312). Ms. Kiely noted that Plaintiff "would be challenged if she had to deal with difficult people." (*Id.*). Based on the limitations in the RFC which seem to account for a moderate, rather than marked, limitation in the ability to regulate emotions, it appears the ALJ also took Ms. Kiely's opinion into account in assigning the degree of limitation: the RFC limited Plaintiff to only "occasional" interactions with the "public, co-workers and supervisors." (R.16); *see Michelle K. v. Comm'r of Soc. Sec.*, 527 F. Supp. 3d 476, 483 (W.D.N.Y. 2021) (finding the ALJ's RFC determination "consistent with the specific limitations contained" in the psychiatric consultative examiner's opinion that the plaintiff was moderately limited in her ability to "regulate emotions") (citing *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021) (finding that the ALJ's limiting the plaintiff to "occasional interaction with supervisors, coworkers and the general public, as well as low stress work . . . is supported by the opinion of Dr. Deneen, who found that Plaintiff would be

moderately limited in interacting with others and regulating her emotions, behavior, and well-being")).

Even assuming the ALJ adopted Dr. Slowik's opinion that Plaintiff has a moderate to marked limitation in sustaining an ordinary routine and regulating emotions, the Court rejects Plaintiff's unsupported argument that such a limitation was not accounted for in the ALJ's RFC formulation. Plaintiff is correct that the cases cited in the Report and Recommendation all involve, at most, moderate limitations. (*See* Dkt. No. 17, at 22). However, Plaintiff's argument that a marked limitation cannot be "mitigated" with restrictions in an RFC is unavailing for three reasons. First, in support Plaintiff only points to the definition of a marked limitation, which means that a claimant's functioning in a certain area "independently, appropriately, effectively, and on a sustained basis is seriously limited." 20 C.F.R. Pt. 404, Subpt. P, App. 1. She points to no authority supporting the idea that such a limitation renders a claimant disabled. Second, Plaintiff glosses over the fact that Dr. Slowik opined Plaintiff was "*moderately to* markedly limited" in the areas of "sustaining an ordinary routine and regulating emotions." (*See* R. 486 (emphasis added)). Plaintiff does not discuss whether, or how, a moderate to marked limitation is different from a marked limitation for purposes of an ALJ's RFC determination. Finally, as Defendant points out, "there is authority in this Circuit to demonstrate that marked limitations *can* be accounted for in the RFC (with limitations similar to what the ALJ assessed here) and are not necessarily disabling." (Dkt. No. 19, at 8); *see Kya M. v. Comm'r of Soc. Sec.*, 506 F. Supp. 3d 159, 166–67 (W.D.N.Y. 2020) (noting that marked limitations in mental functioning "do not mandate a finding of disability, but can be addressed with additional limitations to a plaintiff's RFC, such as limiting plaintiff to simple, routine and repetitive tasks in a work environment free to fast-paced production requirements"); *Davis v. Comm'r of Soc. Sec.*, No. 17-cv-6804, 2019

WL 1870814, at *3, 2019 U.S. Dist. LEXIS 71008, at *8 (W.D.N.Y. Apr. 26, 2019) ("'[M]arked' limitations do not necessarily constitute an inability to perform work.").

Furthermore, Plaintiff has cited no record evidence suggesting that additional restrictions relating to sustaining a routine or regulating emotions should have been included in the ALJ's RFC formulation. *Cf. Bush v. Comm'r of Soc. Sec.*, No. 16-cv-1007, 2017 WL 4621096, at *8, 2017 U.S. Dist. LEXIS 169865, at *25 (N.D.N.Y. Oct. 13, 2017) ("Plaintiff does not provide persuasive evidence as to why the ALJ should have interpreted the moderate-to-marked limitation in a more limiting manner. In any event, where evidence is subject to more than one reasonable interpretation, this Court is bound to uphold the ALJ's interpretation."). The Court therefore agrees with the Report and Recommendation that the ALJ's RFC formulation was supported by substantial evidence.

## IV.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that the recommendation in Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 17) is **ADOPTED**; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: February 2, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge